# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:95-cr-00178-FDW-3

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> vs. ) <br> ) <br> BRYANT LAMAR ALEXANDER, ) <br> ) <br> Defendant. ) <br> ) <br> ) | ORDER |

THIS MATTER comes now before the Court upon Defendant's "Motion to Terminate Supervised Release" (Doc. No. 453). The Government has responded to Defendant's motion (Doc. No. 454) and this matter is now ripe for review. For the reasons that follow, Defendant's motion is DENIED.

On January 10, 1996, pursuant to a plea agreement, Defendant pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine and crack cocaine within one thousand feet of a school and a playground in violation of 21 U.S.C. § 846. The Court sentenced Defendant to 168 months' imprisonment to be followed by a ten-year term of supervised release. This extended term of supervised release was based on 21 U.S.C. § 860(a), which provides that any person who distributes a controlled substance within one thousand feet of a school or playground is subject to "at least twice any term of supervised release authorized by section 841(b) of this title for a first offense." There is no dispute as to the nature of Defendant's crime and conviction, as he has voluntarily pleaded guilty. Similarly, there is no dispute that 21 U.S.C. § 860(a) applied at the time of sentencing and continues to apply to Defendant today.

Defendant has currently served one year of his term of supervised release. He requests, based on United States v. Spinelle, 835 F. Supp. 987 (E.D. Mich. 1993), that the Court now remove him from supervised release. The Court, however, sees no reason to do so. In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). For example, in the case cited by Defendant, the court noted that it was "unusual" to make such a reduction and did so only because of the exceptional efforts the defendant had undertaken in order to rehabilitate himself. Spinelle, 835 F. Supp. at 993. Defendant's motion presents neither unusual circumstances nor facts tending to indicate an exceptional effort at rehabilitation. In fact, it presents no facts at all, other than the fact that Defendant has completed one year of supervised release. Under these circumstances, the Court declines to exercise is discretionary authority to terminate Defendant's term of supervised release.

Accordingly, Defendant's motion is DENIED and his term of supervised release shall continue as originally sentenced.

IT IS SO ORDERED.               Signed: April 29, 2008

Frank D. Whitney
United States District Judge